IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRAVIS CORBETT, et al.,

Plaintiffs,

v.

CELADON TRUCKING SERVICES, INC., et al.,

Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-1233-TWT

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Defendant Norris Kinsler Derrick, Jr.'s Motion for Partial Summary Judgment [Doc. 47] and the Defendant Celadon Trucking Services, Inc.'s Motion for Partial Summary Judgment [Doc. 48]. For the reasons set forth below, the Defendant Norris Kinsler Derrick, Jr.'s Motion for Partial Summary Judgment [Doc. 47] is GRANTED, and the Defendant Celadon Trucking Services, Inc.'s Motion for Partial Summary Judgment [Doc. 48] is GRANTED.

## I. Background

This case arises out of a tractor-trailer truck collision. On October 31, 2012, in Fulton County, Georgia, the Plaintiff Travis Corbett was injured in a collision with a

tractor-trailer driven by the Defendant Norris Kinsler Derrick, Jr.[1] The tractor-trailer driven by Derrick was owned by the Defendant Celadon Trucking Services, Inc.[2] Celadon is an Indiana corporation, with its principal place of business in Indianapolis, Indiana.[3] The Plaintiff was driving a tractor-trailer on South Fulton Parkway in the lane to the left of Derrick.[4] Derrick, without warning, swerved into the Plaintiff's lane, causing the collision.[5] On February 24, 2014, the Plaintiff and his wife, Tiffany Corbett, filed their Complaint against the Defendants. In their Complaint, the Plaintiffs assert, *inter alia*, claims for negligent hiring, retention, training, and supervision, punitive damages, and attorney's fees. The Defendants move for partial summary judgment on these claims.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists

---

1 Compl. ¶¶ 5, 14-16.

2 Id. ¶ 34.

3 Id. ¶ 1.

4 Id. ¶ 10.

5 Id. ¶ 11.

and that the movant is entitled to judgment as a matter of law.[6] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[7] The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[8] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[9] A "mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[10]

## III. Discussion

### A. Punitive Damages

The Defendants assert that the Plaintiffs have failed to present a triable issue of fact with regard to their punitive damages claim. "Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness,

---

6 FED. R. CIV. P. 56(c).

7 Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

8 Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

9 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

10 Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990).

oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences."[11] "Negligence, even gross negligence, is inadequate to support a punitive damage award."[12] In automobile collision cases, punitive damages may not be awarded "where the driver at fault simply violated a rule of the road."[13] Punitive damages are only recoverable "where the collision resulted from a pattern or policy of dangerous driving."[14] Examples of a pattern or policy of dangerous driving "include driving history of several DUIs, excessive speed and striking vehicle twice, driving twenty miles with serious mechanical difficulties, DUI in conjunction with numerous traffic safety violations."[15]

Here, with regard to the Defendant Derrick, the Plaintiffs have failed to present sufficient evidence to support an award of punitive damages. The Plaintiffs first contend that the "Defendant Derrick cut across several lanes of traffic striking Plaintiff Travis Corbett's truck while trying to make an illegal and ill-advised u-turn

---

[11] O.C.G.A. § 51-12-5.1(b).

[12] Colonial Pipeline Co. v. Brown, 258 Ga. 115, 118 (1988).

[13] Carter v. Spells, 229 Ga. App. 441, 442 (1997).

[14] Id. at 442.

[15] Frey v. Gainey Transp. Servs., Inc., No. 1:05-CV-1493, 2006 WL 3734157, at *3 (N.D. Ga. Dec. 14, 2006).

across a median."[16] While this may demonstrate that Derrick violated a rule of the road and was negligent, these actions do not support an award of punitive damages.[17] For example, in Coker v. Culter, the defendant "admitted going 40 mph in a 35 mph zone; water was standing on the road; visibility was poor."[18] The defendant also acknowledged consuming alcohol before driving.[19] Nevertheless, the court upheld the grant of a motion for partial summary judgment, stating "[a]lthough there may be evidence of gross negligence in this case, there is no clear and convincing evidence that defendant's acts arose to the level sought to be punished under OCGA § 51-12-5.1."[20] Like the defendant in Coker, here, Derrick's actions amount to, at most, gross negligence. Moreover, Derrick's driving history does not demonstrate a pattern or policy of dangerous driving. In the last ten years, the Defendant has received four citations for speeding or driving too fast for conditions and was involved in one

---

16 Pls.' Resp. Br., at 9.

17 See, e.g., Bradford v. Xerox Corp., 216 Ga. App. 83, 84 (1994) (holding that evidence of the driver speeding on wet roads was insufficient to impose punitive damages).

18 Coker v. Culter, 208 Ga. App. 651 (1993).

19 Id.

20 Id. at 652.

accident.[21] This does not amount to a pattern of dangerous driving.[22] And, importantly, there is no evidence that the Defendant was speeding or driving too fast for conditions at the time of the collision.[23] Thus, the Plaintiffs have failed to present sufficient evidence regarding a pattern of dangerous driving.

In response, the Plaintiffs contend that they could have presented an issue of fact if they had been able to depose Derrick. Specifically, the Plaintiffs state, "[i]f Plaintiffs had been able to depose Defendant Derrick, then they could have explored (1) whether he was taken for a post-wreck alcohol/drug screen as required by law, and (2) whether he was intoxicated at the time of the wreck."[24] But there is not even a "mere 'scintilla' of evidence" to support the inference that Derrick was intoxicated.[25] The Defendant was not cited for driving under the influence after the collision, there

---

[21] See Statement of Material Facts in Supp. of Def. Derrick's Mot. for Partial Summ. J. ¶¶ 12-15.

[22] See Carter v. Spells, 229 Ga. App. 441, 443-44 (1997) ("[B]ut driving violations support punitive damages only when they demonstrate the defendant's 'willfulness or reckless disregard of consequences.'" (quoting City of Monroe v. Jordan, 201 Ga. App. 332, 333 (1991))).

[23] See Ballard v. Keen Transp., Inc., No. 4:10-CV-54, 2011 WL 203378, at *4 (N.D. Ga. Jan. 19, 2011) (noting that only previous driving incidents that relate to the cause of the present collision are relevant to the punitive damages issue).

[24] Pls.' Resp. Br., at 9.

[25] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990).

is no evidence that he has ever previously been charged with driving under the influence, and the Plaintiffs did not allege any other evidence that could even potentially raise an inference of intoxication. "Although all reasonable inferences arising from the evidence must be resolved in favor of the non-movant on a motion for summary judgment, inferences based upon speculation are not reasonable."[26] In sum, there is insufficient evidence to create an issue of fact with regard to the question of punitive damages, and, therefore, the Court grants Derrick's motion for partial summary as to the punitive damages claim.

The Defendant Celadon also contends that there is insufficient evidence to impose punitive damages in relation to the Plaintiffs' negligent hiring, retention, training, and supervision claim. To begin, Celadon has admitted that respondeat superior is applicable in this case.[27] "Generally, when an employer admits the applicability of respondeat superior, it is entitled to summary judgment on claims for negligent entrustment, hiring, and retention."[28] "An exception to this general rule exists, however, where a plaintiff has a valid claim for punitive damages against the

---

[26] Sims v. Nguyen, 403 Fed. Appx. 410, 412 (11th Cir. 2010) (quoting Marshall v. City of Cape Coral, Fla., 797 F.2d 1555, 1559 (11th Cir. 1986)).

[27] Def. Celadon's Mot. for Partial Summ. J., at 10.

[28] Durben v. American Materials, Inc., 232 Ga. App. 750, 751 (1998).

employer based on its independent negligence in hiring and retaining the employee or entrusting a vehicle."[29] To impose punitive damages on a negligent hiring, supervision, and training claim, the Plaintiffs must show that Celadon "had actual knowledge of numerous and serious violations on its driver's record, or, at the very least, when the employer has flouted a legal duty to check a record showing such violations."[30]

Here, the Plaintiffs' evidence fails to demonstrate that Celadon knew of numerous, serious violations by Derrick, or that it failed to adhere to its legal duty to check Derrick's driving record. First, as noted above, four citations and one accident in ten years do not amount to numerous and serious violations. Second, Celadon has presented evidence that it followed the Federal Motor Carrier Safety Regulations by checking Derrick's driving record,[31] and that Celadon required Derrick to pass a road test.[32] The Plaintiff has failed to present any evidence to the contrary. Because the Court finds no evidence suggesting that Celadon had actual knowledge of numerous,

---

[29] Frey v. Gainey Transp. Servs., Inc., No. 1:05-CV-1493, 2006 WL 3734157, at *5 (N.D. Ga. Dec. 14, 2006).

[30] Western Indus., Inc. v. Poole, 280 Ga. App. 378, 380 (2006) (citing Smith v. Tommy Roberts Trucking Co., 209 Ga. App. 826, 829-30 (1993)).

[31] Def. Celadon's Mot. for Partial Summ. J., at 11-13.

[32] Id. at 12.

serious violations or that it neglected its duty to check Derrick's driving record, summary judgment as to the Plaintiffs' negligent hiring, retention, supervision, and training claim and punitive damages claim against Celadon is warranted.

**B. Attorney's Fees**

The Defendants contend that there is no evidence to justify awarding attorney's fees. A plaintiff may recover litigation expenses, including attorney's fees, "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."[33] The Plaintiffs first allege that the Defendants have acted in bad faith. The bad faith contemplated by O.G.C.A. § 13-6-11, however, is bad faith in the underlying transaction, not bad faith during litigation.[34] Moreover, "[b]ad faith is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will."[35]

Here, the Plaintiffs have not presented any evidence to indicate that Derrick or Celadon acted in bad faith. The Plaintiffs allege that there is an issue of fact because

---

33 O.C.G.A. § 13-6-11.

34 Computer Commc'ns Specialists v. Hall, 188 Ga. App. 545, 547 (1988).

35 Rapid Grp., Inc. v. Yellow Cab of Columbus, Inc., 253 Ga. App. 43, 49 (2001) (quoting Vickers v. Motte, 109 Ga. App. 615, 619-20 (1964)).

they have not received evidence from Celadon regarding whether Derrick was drug tested. And, additionally, the Plaintiffs allege that there is an issue of fact because they have been unable to question Derrick on whether he acted with bad faith during the accident. With regard to Celadon, the Plaintiffs' allegation fails because it relates to conduct during litigation, not the underlying transaction. Moreover, Celadon has put forth evidence that it complied with federal regulations regarding Derrick's driving record, and there is no evidence that it acted with bad faith on the day of the collision. For Derrick, once again, the evidence put forth suggests, at most, that he acted grossly negligent. And allegations of gross negligence are not sufficient to award attorney's fees.[36] The Plaintiffs have presented no other evidence to even remotely indicate that Derrick acted with malice. Thus, the Plaintiffs' evidence is insufficient to support a claim that the Defendants acted in bad faith.

The Plaintiffs have also failed to provide any evidence that the Defendants have been stubbornly litigious or caused unnecessary trouble and expense. "Where bad faith is not at issue and the only asserted basis is either stubborn litigiousness or causing unnecessary trouble and expense, if a bona fide controversy is shown to exist,

---

36 Michaels v. Gordon, 211 Ga. App. 470, 473 (1993) ("However, this proof of mere negligence or bad judgment is not proof that Dr. Gordon refused to fulfill her professional duties, out of some interested or sinister motive, or that she consciously acted for some dishonest or improper purpose.").

damages under O.C.G.A. § 13-6-11 cannot be awarded."[37] The Plaintiffs contend that there is no bona fide controversy because Derrick was cited for an illegal lane change and admitted fault at the scene of the collision. But the Defendants allege that the Plaintiff was illegally driving his tractor-trailer in the left lane of the highway. If this allegation is true, then the Plaintiff might be "in violation of O.C.G.A. § 40-6-52 at the time of the accident constituting negligence *per se*."[38] This contention creates a bona fide controversy as to liability, despite Derrick being cited and admitting fault at the scene of the accident.[39] The Plaintiffs also argue that Celadon has caused unnecessary trouble and expense by failing to provide information on whether Derrick was drug tested. However, as noted above, a claim for attorney's fees "under O.C.G.A. § 13-6-11 applies to a defendant's conduct before the commencement of litigation, and necessarily does not encompass conduct in the course of litigation."[40] Consequently, the Plaintiffs have failed to present a triable issue of fact for awarding attorney's fees.

---

37 Lamb v. State Farm Mut. Auto Ins. Cos., 240 Ga. App. 363, 365 (1999).

38 Def. Celadon's Mot. for Partial Summ. J., at 21.

39 See, e.g., Webster v. Brown, 213 Ga. App. 845, 847 (1994) (holding that although the defendant pleaded guilty to making an improper left turn, the guilty plea did not establish as a matter of law that the defendant caused the accident).

40 Harkleroad & Hermance, P.C. v. Stringer, 220 Ga. App. 906, 909 (1996).

## IV. Conclusion

For these reasons, the Court GRANTS the Defendant Norris Kinsler Derrick, Jr.'s Motion for Partial Summary Judgment [Doc. 47] and the Defendant Celadon Trucking Services, Inc.'s Motion for Partial Summary Judgment [Doc. 48]. Of course, the Plaintiffs' negligence claim remains. The parties are directed to submit a consolidated pretrial order within 30 days from the date of this Order.

SO ORDERED, this 8 day of February, 2016.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge